DAUKSCH, Judge,
concurring specially:
Appellant was charged with one count of possession of a controlled substance upon the grounds of a state correctional institution and one count of possession of a controlled substance.
This first count of the information essentially tracks F.S. § 944.47(l)(c), which provides:
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in ac *487 tual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
This charge does not allege a violation of § 944.47(l)(a)(4) even though the charging document, with a typographical error regarding the statute number, says it is an “Amended Information for: Introduction of Contraband;”. Had the state alleged what I suspect were the provable facts, there could have been a valid conviction for both the “introduction” offense and the possession offense. As it is, the state alleged in Count I that appellant possessed cannabis in a correctional facility and in Count II that appellant possessed cannabis, but with no allegation regarding the prison. The proof shows the cannabis in Count I is the same as that in Count II.
Mere possession of cannabis is a lesser included offense under possession of cannabis in a correctional facility because both crimes contain identical elements, except that the greater crime requires proof of one additional element — that the possession was by an inmate of, or any person upon the grounds of, a state correctional institution.
The facts here indicate that appellant was the inside source or courier or contact of an outside provider of marijuana. As such conduit, appellant could probably have been convicted of at least aiding and abetting, a principal in the first degree, the person introducing the cannabis into the prison grounds. § 777.011.
So, although the state entitled its information “Introduction of Contraband”, it did not properly charge that crime but only charged a possession crime. Because it charged two types of possession crimes and proved only one possession, then the appellant can only be convicted of one of the charges where the second charge was a lesser included charge under the first.
I concur with the disposition provided by the majority opinion.